IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HENRY CURTIS,

    Plaintiff,

v.                                                    C.A. No.: 1:21-cv-325

AK TELECOM, LLC, and,
MATT STURDIVANT,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, HENRY CURTIS, by and through his undersigned counsel, hereby sues Defendants, AK TELECOM, LLC, and MATT STURDIVANT, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This is an action by the Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because

Defendant, AK TELECOM, LLC, has offices Burnet County, Texas.

## BACKGROUND FACTS

4. Plaintiff, HENRY CURTIS, is an individual residing in Cedar Park, Texas.

5. On March 16, 2020, Plaintiff, HENRY CURTIS, began working for Defendant, AK TELECOM, LLC, as an installer and was paid on a salary basis at the rate of $1,400.00 per workweek.

6. Plaintiff's duties included the regular and recurring use of the channels of interstate commerce, e.g., installing security systems for commercial clients of Defendant, AK TELECOM, LLC.

7. Defendant, AK TELECOM, LLC, provides low voltage cabling and security systems integration services that include both access control and video management systems.

8. Defendant, MATT STURDIVANT, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, AK TELECOM, LLC, in relationship to Plaintiff.

9. Defendant, MATT STURDIVANT, is the owner and operator of Defendant, AK TELECOM, LLC.

10. Defendant, MATT STURDIVANT, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work.

11. Defendant, MATT STURDIVANT, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, AK TELECOM, LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

12. Defendant, MATT STURDIVANT, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

13. Defendant, AK TELECOM, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

14. At all times material to this complaint, Defendant employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce. Specifically, Plaintiff handled and utilized, inter alia, a Werner UpGear H511202 Premium Harness, which is manufactured in Juarez, Mexico; a Rigid Battery, charger and hybrid folding panel light, which are manufactured in Elyria, Ohio; and, an Axis Camera, which is manufactured in China.

15. At all times material to this complaint, Defendant, AK TELECOM, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

16. At all times material to this complaint, Defendant, AK TELECOM, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

17. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

18. Additionally, Plaintiff was individually engaged in commerce or in the production of goods for commerce and his work was essential to Defendant's business. Plaintiff's work activities included the handling and use of good and products that have moved in engaged in interstate commerce.

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff 1) occupied the position of "installer;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on an a salary basis.

20. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

21. Plaintiff was not paid for his overtime work in accordance with the FLSA.

22. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to

compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

23. Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

24. In fact, Plaintiff worked numerous workweeks wherein he worked in excess of 70 hours in workweek.

25. Defendants' policy of not properly paying overtime is company-wide and was willful.

26. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

27. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

28. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

29. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

30. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, HENRY CURTIS, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, HENRY CURTIS, demands a jury trial on all issues so triable.

Respectfully submitted April 14, 2021.

                                            **ROSS • SCALISE LAW GROUP**

                                            _____
                                            **CHARLES L. SCALISE**
                                            Texas Bar No. 24064621
                                            Attorney-in-Charge
                                            1104 San Antonio Street
                                            Austin, Texas 78701
                                            (512) 474-7677 Telephone

(512) 474-5306 Facsimile
Charles@rosslawgroup.com
**ATTORNEYS FOR PLAINTIFF**